Victor **LEAVITT**, Defendant, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7033.**

United States Court of Appeals
First Circuit.

May 7, 1968.

Paul T. Smith, Boston, Mass., with whom Manuel Katz, Boston, Mass., was on brief, for appellant.

Albert F. Cullen, Jr., Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

Defendant Leavitt, together with Perma-Home Corporation of which he was president, and one Parker, a company salesman, was convicted after trial by a jury of knowingly submitting a false FHA loan application to a Boston bank in violation of 18 U.S.C. § 1010. We affirmed the conviction. Parker v. United States, 378 F.2d 641 (1st Cir.), cert. denied, Perma-Home Corporation v. United States, 389 U.S. 842, 88 S.Ct. 81, 19 L.Ed.2d 107 (1967). Thereafter Leavitt filed a motion for a new trial on the ground of newly discovered evidence. This is an appeal from an order of the district court denying said motion.

The circumstances that occasioned the charges in this case are set forth in detail in our prior opinion and only the facts pertinent to the issues raised by this appeal are discussed here. The purpose of the loan application in question was to obtain FHA financing of a Perma-Home contract with one Conboy and his wife for improvements in the amount of $1450 on their home in Spofford, New Hampshire. Perma-Home sold these improvements to the Conboys on June 29, 1963. About a month earlier the same parties had entered into a contract for other home improvements.[1] Although the earlier contract was written for $1800 it called for home improvements of $1000, the balance to be used to pay an indebtedness of the Conboys to a New Hampshire loan company named Keene Finance Corporation. This $1800 contract was financed by Security Acceptance Corporation (S.A.C.). The gravamen of the offense is that the defendant knowingly failed to disclose Conboys' S.A.C. indebtedness in the loan application signed by the Conboys,[2] but prepared and submitted to the bank by the other defendants.

Defendant's motion for a new trial alleges principally that during the trial the prosecutor unfairly suggested that the initials "KB" appearing in a government

---

1. Both contracts were solicited by the co-defendant Parker.

2. Lawrence Conboy was also indicted but the jury found him not guilty.

exhibit (an S.A.C. document) next to the words "Keene Finance, Keene, New Hampshire" signified that the Keene Finance transaction above mentioned involved an illegal kickback to the Conboys;[3] also, that an officer of S.A.C. named Bartlett in testifying to the $1800 loan to the Conboys, falsely stated that this transaction was secured by a mortgage to S.A.C. The alleged newly discovered evidence consists of certain S.A. C. records relating to the Conboy transaction not introduced at the trial, copies of which were attached to the motion. Defendant contends that these records show the term "KB" to be a perfectly proper business term denoting a loan consolidation—not a kickback and that S.A.C. did not take a mortgage on the Conboy home. He further contends that there was other evidence favorable to the defendants[4] which also was unknown to him prior to verdict, and of which the prosecutor had at least constructive knowledge at time of trial but suppressed.[5] He maintains that the suppression of this favorable evidence resulted in a denial of due process which entitles him to a new trial. Giles v. State of Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); Brady v. State of Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

■ At the hearing on the motion defendant offered no evidence. The government called Bartlett and also an FBI agent who was assigned to the case at the time of trial. Their testimony showed that some two years prior to trial another FBI agent, now retired, interviewed Bartlett at S. A. C. and took photostats of several S.A.C. documents later introduced at the trial. Bartlett was not sure what documents were in the file at that time or what documents this agent saw but testified that at no time did the FBI take the S.A.C. file. Also, there was evidence at the hearing that the government made efforts to have the complete S.A.C. file available at trial. Bartlett was subpoenaed to appear and bring with him all S.A.C. records relating to the Conboy loan. He did not remember what records he brought to the trial but was sure he did not have the entire file. He also stated that at the time of trial he thought S.A.C. had taken a mortgage as security for its loan but after reviewing the file realized he was mistaken.

■ The kickback issue, apart from the asserted newly discovered evidence, was argued before the court at trial and also briefed and argued on appeal. Having failed to prevail on this point in his first appeal, defendant is not entitled to reargue it. The question of whether there was a kickback was not relevant to any matter raised in the indictment. Thus while it would be inappropriate to enlarge our prior opinion under the guise of resolving the instant appeal, suffice it to say that we are not impressed by this contention.

Nor can we say that the district court's other findings in this case were plainly wrong. We agree that under the circumstances here Bartlett's factual error that the S.A.C. loan was secured by a mortgage is of no legal significance. The real issue is not whether the undisclosed debt was secured by a mortgage but whether indeed there was an outstanding debt and whether it was knowingly omitted from the FHA application. Nothing alleged in the instant motion suggests that this was not the case.

---

3. This occurred in the prosecutor's cross-examination of the codefendant Parker and again in his summation to the jury.

4. Defendant makes some point of the fact that these records also rebut the suggestion that the Conboys were rejected by S.A.C. for the second loan and also show that the Conboys had lied to an investigator and real estate appraiser on at least one prior occasion with respect to their outstanding debts. We do not regard these points as of sufficient importance to merit discussion.

5. He argues that this information was known to the FBI at the time of trial. Defendant does not claim that the prosecutor knowingly allowed the witness to testify falsely or that he knowingly concealed from the defendant other information in the S.A.C. file.

Defendant's argument that the prosecutor concealed or attempted to conceal information in the S.A.C. file is equally unpersuasive. The record shows that, on the contrary, he tried to insure that every available S.A.C. record was produced at trial.

Affirmed.